# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

FISHER v. CLEMENTS' EX'OR.

FEBRUARY 3d, 1887.

Absent, LEWIS, P.

DOWER—*Commutation— Widow's heirs.*—In suit against widow and heirs of decedent, to subject his lands to his debts, commissioner was directed to enquire and report if she elected dower in kind, or commutation. Commissioner reported that she elected commutation. Report was confirmed. The lands were sold free of dower. With her consent, and by leave of court, a lot in town was assigned her for her dower. Up to her death she possessed it. After her death, on petition to subject the lot to her husband's debts—

HELD :

The lot was the widow's property in fee, and passed to her heirs.

Appeal from decree of circuit court of Essex county, pronounced September 16th, 1882, in a chancery cause wherein Thomas Croxton, executor of Mace Clements, deceased, who sued for himself and other creditors of John W. Fisher, deceased, is plaintiff, and E. T. Smith, administrator, and T. E. Fisher, W. Fisher, W. G. Jeffries and E. S., his wife, heirs of said John W. Fisher, and of Martha T. Fisher, his wife, and also deceased, are defendants. The decree was adverse to said heirs, who appealed to this court.

Opinion states the case.

*T. B. R. Wright,* for the appellants.

*Thomas Croxton,* for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Essex county, rendered on the sixteenth day of September, 1882. John W. Fisher, deceased, left a widow surviving him, whose heirs are the appellants here. The appellees' testator, in the year 1870, instituted a creditors' suit against the widow and heirs of John W. Fisher, to subject his real estate to the payment of his debts. The widow was called on in the bill to state whether she elected to take her dower in her husband's estate in kind, or to have it commuted. The cause was referred to a commissioner for account and report, and especially to report whether the widow elected to take her dower in kind, or to have it commuted; and, if she elected to have it commuted, to report to the court the value thereof. The commissioner reported that the value of the real estate, consisting of three farms, was $5,500, and the commuted value of the widow's dower, on that basis, to be $1,514.13, and that the widow elected to have the dower commuted. Thereupon a decree was rendered, receiving and confirming this report of the commissioner, decreeing the sale of all the real estate of the decedent free from the dower claim of the widow, who was then a young woman of thirty five years of age. The land was all sold after some delay, and, in lieu of money, a lot, with a house on it, in the town of Tappahannock, was received by the leave of the court, and the widow consenting to take this lot in lieu of her share of the money for which her husband's lands sold, as far as it would go, the same was allotted to her. The actual sales of these lands did not amount to as much as $5,500, but the actual sales were $3,535. Upon this amount, as a basis, the commuted dower of the widow would amount to a few dollars less than $1,000; but the lot was assigned to her, and she took possession of it and held it as her own to the

time of her death, which occurred in 1881, without objection
from any quarter.    But upon her death the appellee filed his
petition to subject this lot to the debts of the said John W.
Fisher against the heirs of the widow, claiming that the said
lot was dower in kind when allowed to the widow.    The ground
of this claim is that the special commissioners who made the
sale of the real estate of John W. Fisher had used, in their
report to the court, the following language as to this lot:
"They further report that the widow of J. W. Fisher, deceased,
has signified her willingness to take the property in Tappa-
hannock *as her dower, or part thereof,* as the case may be."    The
appellee, Thomas Croxton, was one of the special commis-
sioners who made the sale of the real estate of John W. Fisher,
and who made the report of the sales to the court, in which
the foregoing language was used; and if there is any ambig-
uity in the language referred to, he used the same with know-
ledge of the proceedings which had gone before in the progress
of the cause.    The circuit court decreed the sale of the Tappa-
hannock property to satisfy the debts of John W. Fisher, and
the heirs of the widow, Martha T. Fisher, deceased, appealed.

The said report of the special commissioners who made the
sale of the real estate of John W. Fisher must be read together
with all the other proceedings in the cause to determine its
meaning, and to ascertain what was the real transaction.    The
bill called on the widow to exercise her election as to whether
she would have her dower assigned in kind in her deceased
husband's real estate, or whether she was willing to accept a
commutation in lieu thereof.    The matter was referred to a
commissioner in chancery for account and report, and he
reported the election of the widow to have her dower com-
muted, and the value thereof, upon the estimated value of the
real estate, ascertaining the basis of the commutation, whatever
might be the actual sales, no one objecting, but all the parties

consenting. The court received and confirmed this report, and *decreed the sale of all of the real estate free from the widow's dower claim, and whatever money had been paid to the widow out of the proceeds would* have been her absolute property; and the circumstance that the commissioners received the lot in lieu of money, and that the widow agreed to accept the said lot in lieu of her share of the proceeds in money, cannot be held to change the degree of her estate in the thing she received in lieu of money. The court, by consent of all, decreed this lot to her in lieu of the money value of her dower. No appeal was taken from this decree, and it became final and binding on all concerned. It is wholly immaterial whether the lot exceeded or fell short of the exact money value of her dower. Without exception, it was decreed to her for her dower, and it is too late now to make objection, or overturn the decree or the rights derived therefrom, by any argument as to its wisdom or justice. The lot is only valued at $600, which is less than the commuted value of the dower; but that circumstance does not entitle the widow's heirs to additional money. Nor does the fact that it was estimated in the exchange at $1,000, which is a little in excess of the commuted value of the dower, entitle the creditors of her husband to now call for the difference. That question has been finally determined, and the thing decreed to the widow in lieu of the money value of her dower interest became, by that adjudication, her absolute property in fee, which descended to her heirs, and with which the creditors of any other person than herself can have no concern whatever.

It follows that the decree complained of is erroneous, and the same must be reversed and annulled.

Decree reversed.